# HENRY E. KLEIN v. W. & D. RAILROAD, WAREHOUSE & STORAGE COMPANY.[1]

December 26, 1913.

Nos. 18,293—(163).

**Vacating judgment.**

The trial court did not err in refusing to open a default judgment, where the proposed answer and defendant's affidavit showed neither frankness nor merit in the application to open.   [Reporter.]

From an order of the district court for Ramsey county, Catlin, J., denying defendant's motion to vacate a default judgment and for leave to interpose an answer, it appealed. Affirmed.

*Louis L. Schwartz*, for appellant.

*James E. Markham* and *Benjamin Calmenson*, for respondent.

PER CURIAM.

Appeal from an order refusing to open a default judgment. Defendant was personally served with summons in an action for conversion, but instead of serving an answer wrote a letter to plaintiff's attorney denying liability; the attorney answered asking for some information which was furnished. Had defendant presented meritorious defense the court would no doubt have opened the judgment. Defendant came into the possession of plaintiff's goods, as far as the showing goes, rightfully, but, considering the affidavit used by defendant on the motion, the sale of the property by it appears to have been unlawful. It claims to be a licensed storage company and as such, under section 6075, G. S. 1913, received the goods from a common carrier. The exhibits attached to the affidavit show the goods to have been shipped from Boston in December, 1911, therefore defendant must have received them from the common carrier subsequent thereto. It sold them the following April. Section 6077, G. S. 1913, does not authorize a sale until one year after receipt of the property by the storage company. The proposed answer was a general denial. Taking the an-

1 Reported in 144 N. W. 1134.

swer and the affidavit together we are clear that defendant has neither shown frankness nor merit in the application to open the judgment.

Order affirmed.